IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES M. LUELLEN, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-09-294-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

Plaintiff James M. Luellen (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 26, 1959 and was 49 years old at the time of the ALJ's decision. He obtained his GED and completed training in electrical, heating and air conditioning. Claimant has engaged in past relevant work as an electrician and a laborer. Claimant alleges an inability to work beginning January 1, 2004 due

to depression, anxiety, bipolar disorder, borderline personality disorder, PTSD, and psychosis. Claimant also contends she suffers limitations due to sleep problems, medication side effects, left shoulder problems, hand problems, back pain, knee problems, and pain and numbness in his feet and legs.

## Procedural History

On October 18, 2006, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. On December 11, 2008, Claimant appeared at a hearing before ALJ Richard J. Kallsnick in Tulsa, Oklahoma. By decision dated January 22, 2009, the ALJ found Claimant was not disabled at any time through the date of the decision. On July 10, 2009, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform work at a light level.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) ignoring probative medical evidence which contradicted the ALJ's findings; (2) engaged in a faulty RFC analysis by not including limitations on Claimant's ability to handle items; and (3) failing to include all of Claimant's limitations in hypothetical questioning of the vocational expert who testified in this case.

## Probative Evidence in the Medical Record

Claimant contends the ALJ failed to consider probative evidence related to Claimant's alleged hand impairments. In his decision, the ALJ found Claimant suffered from the severe impairments of PTSD, chronic; depressive disorder NOS; alcohol dependence NOS; and ulnar neuropathy. (Tr. 11). With regard to Claimant's hands, the ALJ found Claimant had weak bilateral grip, particularly in his dominant left hand. (Tr. 13).

In his questioning of the vocational expert utilized in this case, the ALJ instructed the expert to "consider that [Claimant] could perform light or sedentary work activity." He stated he reduced Claimant's RFC to accommodate light or sedentary because of reduced grip strength but stated "[h]e can certainly grip, has the, can handle and grip, use his hands to manipulate objects and the

5

light and/or sedentary level within that weight restriction range, but - - and his grip would be adequate for that purpose. He, he can use his hands at the light or sedentary level gripping, handling, fingering." (Tr. 41).

The medical evidence demonstrates Claimant reported on July 12, 2006 that he had tingling in both hands and no grip strength. (Tr. 217-18). He also reported in August of 2006 that vocational rehabilitation did not know what to do with him because of his problems with his hands. (Tr. 209). In an examination by Dr. Victoria Harris on June 25, 2007, it was determined Claimant had bilateral grip "probably about 1/2 to 2/3 what it should be" with his somewhat stronger on the left than right. (Tr. 351).

On February 2,1 2008, Dr. Harris found Claimant's grip strength to be poor bilaterally. Claimant also experienced numbness in all of his fingers. Dr. Harris found no sensation in his hands to monofilament. (Tr. 589). In a hospitalization in October of 2008, Claimant had less than normal hand grasp of 4+/5 in both hands. (Tr. 444, 449). On October 15, 2008, Dr. Doug Raymer found Claimant's grip to be "not significantly strong." (Tr. 472). On October 16, 2008, a VA nurse practitioner found Claimant's grip strength to be 2/5 in both hands. (Tr. 573). On October 20, 2008, Dr. Padmaja Vasireddy found Claimant's right hand

interossie muscle strength to be 3/5 and his left hand interossei muscle strength was 4+/5. (Tr. 706).

Curiously, it appears the ALJ believed reducing Claimant's work level to light and/or sedentary would necessarily accommodate Claimant's documented reduced grip strength. Nothing in the descriptions of those work levels in the regulations references a grip strength reduction or restriction. 20 C.F.R. §§ 404.1567 (a)-(b), 416.967(a)-(b). On remand, the ALJ shall consider the totality of the medical evidence related to Claimant's grip strength and include any resulting had impairment specifically in Claimant's RFC.

### RFC Analysis

As stated, the ALJ shall be required to re-evaluate Claimant's RFC in light of the hand impairment supported by the medical record.

### Vocational Expert Questioning

Claimant also challenges the adequacy of the ALJ's questioning of the vocational expert to include all of Claimant's restrictions. In particular, Claimant suggests the ALJ should have included a restriction to only superficial interaction with supervisors and coworkers in his hypothetical questions posed to the vocational expert. The ALJ's questioning of the vocational expert does not

accommodate this restriction. The ALJ only included a limitation in his questioning for "simple work under ordinary supervisor." (Tr. 41-42).

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996).

The ALJ failed to adequately represent both Claimant's hand impairments and his restriction to superficial interaction with supervisors and coworkers in his questioning of the vocational expert. Despite the fact the ALJ included these restrictions in his decision, he relied upon the testimony of the vocational expert in arriving at the RFC without including all of Claimant's limitations in his questioning. On remand, the ALJ shall include with precision all of Claimant's limitations in questioning before

the expert and incorporate his findings in this decision on Claimant's RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of September, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE